DICK LAZARINE V. THE STATE.

No. 17916. Delivered February 12, 1936.

The opinion states the case.

*Jack Varner* and *A. J. Thompson,* both of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, three years in the penitentiary.

This case comes before us without complaint by bill of exceptions of anything transpiring in the court below. The facts are short. Appellant, his wife and children, and deceased occupied a one room house. On a night mentioned appellant was away from home all night, and, according to the wife of appellant, deceased got in bed with her during the night and had intercourse with her. It is made to appear that when she failed to menstruate after this occurrence, appellant inquired of her the cause of such failure, and she then admitted to him her act of intercourse with deceased. Shortly after this appellant and deceased were observed by witnesses walking up a path, and in a few minutes said witnesses heard shots coming from the direction of a spot toward which appellant and deceased were going when seen on said path. Presently appellant was observed alone going away from said place. Witnesses who went to the scene soon thereafter found the dead body of deceased with three bullet holes in his body. Appellant made a written confession in which he admitted the killing, and said he killed deceased because of his conduct with his, appellant's, wife. He did not claim that deceased made any attack upon him, or that he acted in self-defense; in fact, he testified that he shot deceased in the back. These facts seem to amply justify the verdict and judgment.

The attorneys for appellant have filed in this record a brief, which shows care in its preparation, and study of the issues relied upon for a reversal. Appellant requested a special charge, in effect, that when the State introduced admissions or confessions of the accused, and same contain exculpatory and mitigating statements of the accused, the State is bound by same unless such statements are shown by the evidence to be untrue. The only statements in appellant's confession to which said exception could relate, or upon which it could be based,—as claimed by appellant in his brief,—are the following, which we quote from the confession: "I told him to leave and not be seen here any more. I told him what he had been doing to my wife and the condition he had her in now, and he told me that I was a God damn lie. He said that he was not going to leave. Then I made for the gun, and he saw that I made for the gun, and he turned to run and I shot him." Giving to the testimony its most favorable construction, from the standpoint of the accused, same would merely show appellant's mental attitude at the time of the homicide, and the verdict of the jury makes plain the fact that in their consideration of the case they gave to appellant the benefit of their acceptance of his claim that he was agitated and excited by anger at the time of the killing, his punishment being fixed at three years in the penitentiary. True, the jury did not say in so many words in their verdict that appellant was found guilty of murder without malice, but the punishment given shows the jury to have believed appellant's story. We do not regard the statements in the confession, as above set out, to require the giving of the special charge mentioned.

Appellant has another special charge seeking to have the jury told that the State must prove, beyond a reasonable doubt, the fact of the death of deceased, and that his death was caused by the criminal agency of the accused, and that the confession of the accused would not of itself be sufficient proof of the corpus delicti. We see no error in the refusal of this charge. This court has held in many cases that when the death of the deceased is established, and the fact that he came to his death through the criminal agency of some person, the confession of the accused would be sufficient to justify his conviction. The corpus delicti was fully established in this case.

No error appearing, the judgment will be affirmed.

*Affirmed.*